UTICA,
August, 1829.

Shields
v.
Craney.

A *written me-morandum* made by a captain of a company of horse-artillery, of an application to him by a member of his company, to enrol his horse for service, is a sufficient *enrolment* under the *militia law* to exempt such horse from seizure on execution. It is not necessary an entry should be made on the roll of the company.

SHIELDS *vs.* CRANEY and HOIT.

ERROR from the New-York common pleas. This was an action of *trover*, for a horse taken and sold under an execution on a judgment in favor of Craney against Shields, Hoit being the officer who made the sale. On the trial, the plaintiff claimed that the horse was exempt from seizure on execution he, the plaintiff being a member of a company of horse-artillery in the city of New-York, and the horse duly *enrolled* according to the directions of the *militia law*, (Statutes, vol, 6, 361, b. § 100,) which exempts from seizure by execution the "weapons, accoutrements and other equipments together with every *horse actually enrolled for service* and belonging to any member or members of said brigade." The plaintiff became a member of a company of horse-artillery in April, 1824. On the 10th of June, 1825, he made application to his captain to enrol his horse, the horse was not produced to the captain, but the captain took a description of him from the plaintiff, and made a memorandum of the application at the time, and a few days after gave the plaintiff a certificate that the horse was enrolled, but did not make an entry on the rool of the company until three or four days before the trial. A witness on the part of the defendants testified that he had been in the horse-artillery 18 years, that when a horse is enrolled he is presented to the enrolling officer, who examines him, notes his particular marks and designates those markes on the roll; in the regiment to which he belonged, a book is kept in which the enrolment is made.

The presiding judge charged the jury that the enrolment should have been by an actual entry on some roll or book kept for that purpose, where it could, on application, have been seen by a creditor who had a judgment against the owner of the horse; and that as such enrolment had not been made before the property was levied on, and in fact not until after the sale on the execution, the horse was not protected from seizure by the mere application for enrolment

or the intention on the part of the officer to make it; and that the facts disclosed did not amount to an actual enrolment before the horse was taken in execution. The plaintiff excepted to the charge. The jury found for the defendants; to reverse the judgment entered on which verdict, a writ of error was sued out.

*W. Mulock*, for plaintiff in error.

*R. Bogardus*, for defendant.

*By the Court*, SUTHERLAND, J. The only question in this case is whether the horse of the plaintiff had been *actually enrolled for service*, within the meaning of the 100th section of the militia act of 1823. I am inclined to think the construction given to the act by the court below was too rigid. The plaintiff had done every thing in his power to procure an enrolment of his horse. He made a formal application to the proper officer; gave him a description of the animal; and the officer made a *written memorandum* of the transaction, and gave the party a certificate that his horse was enrolled. The written memorandum may properly be considered an enrolment. So far as the object of the provision was to enable creditors to ascertain what property of their debtor is exempt from execution, it is not defeated by this construction. The roll of the company is not a public record to which parties can resort as matter of right, to obtain information; application must be made to the officer, whose duty it is to make the enrolment; and if he has in his possession any written memorandum which describes the horse, made at the time of the application to have him enrolled, I should be inclined to think the horse should be exempt from seizure by execution.

Judgment reversed.